**DALLAS COUNTY, TEXAS**

v.

**BUREAU OF JUSTICE ASSISTANCE, et al.**

**Civil No. A–96–CA–687 JN.**

United States District Court,
W.D. Texas,
Austin Division.

Nov. 7, 1996.

Waggoner Carr, Austin, TX, for Waggoner Carr.

James P. Allison, Bab Bass, Charles Rex Hall, Jr., Allison & Associates, Austin, TX, for Dallas County, Texas.

Vincent M. Garvey, Lisa A. Olson, U.S. Dept. of Justice, Civil Div., Washington DC, for Bureau of Justice Assistance, Office of Justice Programs, U.S. Department of Justice, Mary Santonastasso, Nancy Gist.

Deborah A. Verbil, Attorney General's Office, Austin, TX, for Dan Morales.

Ronald D. Stutes, Assistant City Attorney, Dallas, TX, for City of Dallas, Texas.

## ORDER

NOWLIN, District Judge.

Before the Court is Plaintiff's Amended Complaint For Declaratory Judgement And Injunctive Relief And Request For Preliminary Injunction filed on October 15, 1996. Defendants filed their Original Answer on October 30, 1996 and Federal Defendants' Memorandum In Opposition to Plaintiff's Request for a Preliminary Injunction, and Motion for Summary Judgement on November 1, 1996. The Court held a preliminary injunction hearing on November 6, 1996. Upon review of Plaintiff's Request and brief in support, Defendants' Memorandum, the evidence admitted at the hearing, and the entire case file, the court finds that Plaintiff's Request for Preliminary Injunction should be granted.

■ To obtain a preliminary injunction, Plaintiff must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) the threatened injury to Plaintiff outweighs any damage the injunction might cause to Defendant; (4) that the injunction will not disserve the public interest. The decision to grant or deny such an injunction lies within the discretion of the district court, and the Court of Appeals will reverse its decision only upon a showing of an abuse of discretion. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir.1991).

■ The Court has reviewed Plaintiff's arguments that it is likely to succeed on the merits of its claims. Plaintiff has presented evidence that the Defendant Bureau of Justice Assistance has misinterpreted and is improperly acting under P.L. 104–134, which created the Local Law Enforcement Block Grant Program. Plaintiff has presented evidence that the statute is clear and unambiguous. If Congressional intent is clear, both the court and the federal agency must give effect to unambiguously expressed intent of Congress. *Fulani v. F.C.C.*, 49 .F.3d 904 (2nd Cir.1995). Plaintiff brought this action to force Defendants to enforce the statute as written by Congress. The Court is satisfied that Plaintiff has demonstrated a likelihood of success on the merits of its claims.

■ Plaintiff must demonstrate that it faces a substantial threat of being irreparably harmed if the injunction is not issued. A continuing violation of a federal statute is the type of harm that must be enjoined. *United States v. Ingersoll–Rand, Co.*, 218 F.Supp. 530, 545 (E.D.Pa.1963), *aff'd* 320 F.2d 509 (3rd Cir.1963). Plaintiff has presented evidence that Defendant Bureau of Justice Assistance has been improperly administering the Local Law Enforcement Block Grant Program. Plaintiff has also shown that once the grants are distributed, there would be no cause of action that would enable Plaintiff to recoup any monies. The Plaintiff has shown that it will suffer irreparable harm if the injunction is not issued.

■ Plaintiff must also demonstrate that the threatened injury to Plaintiff outweighs any damage the injunction might cause to the Defendants. Defendant Bureau of Justice Assistance is not harmed by being enjoined from improperly carrying out an act of Congress. The grant money for the City of Dallas will be temporarily delayed while the statutory requirement of an equitable distribution is negotiated. Defendant City of Dallas will suffer a minimal burden. The Court finds that the harm to Defendants, from the issuance of the injunction, does not outweigh the threatened harm to Plaintiff if the injunction is not issued.

Plaintiff must also demonstrate that the injunction will not disserve the public interest. The public is well served by the acts of Congress being enforced as written. Additionally, the public is well served by a proper statutory distribution of grant money to aid law enforcement activities. The Court finds that it is in the interest of the public and the present Parties that Defendant Bureau of Justice Assistance be enjoined from distributing any grant money to cities in Dallas County until a proper distribution is negotiated.

In summary, Plaintiff has sufficiently satisfied the four-prong test to qualify for a preliminary injunction. The Court finds that

Plaintiff is entitled to the issuance of a preliminary injunction.

IT IS THEREFORE ORDERED that Plaintiff's Request for Preliminary Injunction is hereby GRANTED and that the Defendant be enjoined as follows:

Defendant Bureau of Justice Assistance, its Director, its agents, employees, servants, and Defendant Santonastasso shall not directly or indirectly cause a distribution of grant funding to the various cities located within the jurisdictional boundaries of Dallas County, Texas under the Local Law Enforcement Block Grants Program until a final hearing on this matter.

IT IS FURTHER ORDERED that the Parties are to submit any dispositive motions within thirty (30) days of this Order. If this is an insufficient amount of time, the Court will entertain any motions for an extension.