UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50488
_____


DALLAS COUNTY, TEXAS,

                              Plaintiff-Appellant,

                    versus

BUREAU OF JUSTICE ASSISTANCE, OFFICE OF JUSTICE PROGRAMS,
U.S. DEPARTMENT OF JUSTICE; MARY SANTONASTASSO, Acting
Director of the Bureau of Justice Assistance; NANCY GIST,
Director of the Bureau of Justice Assistance, an agency of
the United States Department of Justice; DAN MORALES, Attorney
General,

                              Defendants-Appellees,

CITY OF DALLAS, TEXAS,

                              Intervenor-Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas, Austin
_____

March 9, 1998
Before REAVLEY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     This action stems from the certification and later withdrawal

of certification made by the Attorney General of the State of Texas

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with respect to the triggering mechanism for alternate or reallocated funding as provided in § 104(b)(9) of Pub. L. No. 104-134, wherein Congress allocated grant money to implement the Local Law Enforcement Block Grants Program. The appellant, Dallas County, Texas, sought declaratory and injunctive relief in the district court, contending that it was entitled to funds under the reallocation funding scheme devised by Congress to avoid extreme disparities in funding when the governmental entities charged with reporting crimes in a given area are not the governmental entities primarily responsible for the costs of prosecution and incarceration of those crimes. The district court dismissed Dallas County's action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The district court recognized the withdrawal of certification by the Attorney General of the State of Texas and found that there was no certification that would trigger the reallocation formula. Accordingly, the district court determined that Dallas County's action was moot.

On appeal, Dallas County's basic contention is that there is a live controversy still pending because the triggering events for the reallocation formula occurred. It argues that, notwithstanding the Attorney General's withdrawal of certification, the admitted facts in the initial certification letter automatically triggered the reallocation funding distribution. Dallas County also argues that the Bureau of Justice Assistance lacked the authority to

accept the Attorney General's subsequent letter withdrawing certification.

In our *de novo* review, we have considered all the arguments advanced by Dallas County, the briefs of all the parties, and the record on appeal. After such review, we can only conclude that the district court's disposition of this case was correct and that additional writing would serve no useful purpose in light of the cogent and succinct reasons set forth by the district court in its order of June 2, 1997. We thus affirm essentially for the same reasons set forth by the district court.

AFFIRMED